# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRZEMYSLAW GRYCZEWSKI,<br>Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 18-CV-4762 |
| MAYOR JAMES KENNY, *et al.*,<br>Defendants. | :<br>:<br>: |

**FILED**
JAN 0 2 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**BEETLESTONE, J.**                                JANUARY 2ND, 2019

On November 2, 2018, *pro se* Plaintiff Przemyslaw Gryczewski, then incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), filed a Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and Complaint pursuant to 42 U.S.C. § 1983 against Mayor James Kenney (misspelled "Kenny"), Prison Warden Delainey, Deputy Prison Warden Beauford, Commissioner "Cardney Blanch" (presumably a reference to Blanche Carney), Deputy Commissioner Gerald May, Governor Tom Wolf, and Attorney General Josh Shapiro (ECF No. 2). By Order entered on November 7, 2018, the Court denied Gryczewski's Motion for Leave to Proceed *In Forma Pauperis* without prejudice because he had not submitted a certified copy of his prisoner account statement for the six-month period preceding the submission of his Complaint. (ECF No. 4.)

The Court received Gryczewski's prisoner account statement on November 23, 2018. (ECF No. 5.) The envelope in which he mailed it indicated that he was no longer incarcerated. (*Id.*) By Order entered on November 27, 2018, the Court indicated that because Gryczewski was incarcerated when he filed this civil action, the Prison Litigation Reform Act ("PLRA") applied and that Gryczewski must pay an initial partial filing fee of $5.44. (ECF No. 6.) The Court also

1

directed Gryczewski to submit a renewed motion for leave to proceed *in forma pauperis* if he wished to avoid paying the remainder of the filing fee. (*Id.*)

Gryczewski paid the initial partial filing fee of $5.44 and submitted a renewed Motion for Leave to Proceed *In Forma Pauperis* on December 21, 2018. (ECF No. 7.) For the following reasons, the Court will grant Grcyzewski leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I. FACTS

In his Complaint, Grcyzewski states that during the time between July 31, 2018 and September 26, 2018, he was incarcerated in a multipurpose room at CFCF with three other inmates. (Compl. at 6.)[1] Gryczewski did not "have the liberty of turning lights on and off such as being in what [they] call a regular cell." (*Id.*) He states that the fluorescent lighting "[was] very hard on eye sight" and that the lighting "has been proven to cause some loss of vision over time." (*Id.*) Gryczewski also claims that the multipurpose room did not have a mirror "to see for shaving or washing," and that there was no window "like most cells have for natural light." (*Id.*) He claims that he was "mentally stressed due to being in this room because there [was] no electronic control to lock or unlock this room (it's all manual)." (*Id.*) Grcyzewski alleges that his PTSD became "increasingly worse" and that he "continue[s] to be shak[]y and nervous all the time." (*Id.* at 5.) His ability to sleep "diminished greatly." (*Id.*) As relief, he requests $250,000.00. (*Id.* at 8.)

## II. STANDARD OF REVIEW

The Court will grant Gryczewski leave to proceed *in forma pauperis* because it appears that he is incapable of paying the remainder of the filing fee necessary to commence this action.

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

2

Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* As Gryczewski is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Complaint, as pled, fails to state a claim under § 1983.

### A. Discussion of the Named Defendants

As noted above, Gryczewski has named Mayor James Kenney (misspelled "Kenny"), Prison Warden Delainey, Deputy Prison Warden Beauford, Commissioner "Cardney Blanch" (presumably a reference to Blanche Carney), Deputy Commissioner Gerald May, Governor Tom Wolf, and Attorney General Josh Shapiro as the Defendants in this matter. However, he has not stated a claim against any of these individuals because nothing in the Complaint describes how they were responsible for violating Gryczewski's rights, whether due to their own misconduct or their deliberate indifference to known deficiencies in a policy or procedure that violated his rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other*

3

*grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Because Gryczewski fails to mention these individuals in the body of his Complaint, he has not stated a basis for imposing liability against them. For that reason alone, Gryczewski's Complaint is subject to dismissal. Some of his claims suffer from other deficiencies, which the Court addresses below.

### B. Claims Regarding Conditions of Confinement

Gryczewski takes issue with various conditions of his confinement at CFCF. The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor (Hubbard I)*, 399 F.3d 150, 166 (3d Cir. 2005). Gryczewski's Complaint does not indicate whether he was a pretrial detainee or convicted inmate during the relevant time. Accordingly, the Court will analyze his claims under both amendments.

To establish an Eighth Amendment violation based on the conditions of confinement, a prisoner must establish that prison officials' acts or omissions denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). He must also establish that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish a basis for a Fourteenth Amendment violation, a prisoner must establish that the conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). That inquiry generally turns on whether the conditions have a purpose other than punishment and whether the conditions are excessive in relation to that purpose. *See id.* at 538-39; *Hubbard I*, 399 F.3d at 158.

Gryczewski first claims that he was incarcerated in a multipurpose room with three other inmates. (Compl. at 6.) Housing multiple inmates in a cell does not alone establish a

4

constitutional violation. *See Hubbard v. Taylor (Hubbard II)*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (per curiam) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Gryczewski has not established a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell*, 441 U.S. at 542-43 (double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (per curiam) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard II*, 538 F.3d at 232-35 (triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment). Thus, Gryczewski fails to state a claim with respect to his allegations of overcrowding.

Gryczewski also takes issue with the fact that the multipurpose room did not have a mirror "to see for shaving or washing" and that there was no window "like most cells have for natural light." (Compl. at 6.) He also claims that the multipurpose room had "no electronic control to lock or unlock this room." (*Id.*) Without more, however, Gryczewski's sparse allegations fail to state a claim because they do not plausibly allege that these conditions at

5

CFCF amounted to punishment or deprived him of any basic human need for a significant period of time. *See Duren v. Adams*, No. 4:16-cv-04074, 2017 WL 3017298, at *6 (W.D. Ark. June 13, 2017), *Report and Recommendation adopted by* 2017 WL 3016953 (W.D. Ark. July 14, 2017) (dismissing claim regarding placement in a cell with no window); *Williams v. Armstrong*, No. 12-1213, 2013 WL 6234656, at *6 (W.D. Pa. Dec. 2, 2013) (dismissing Eighth Amendment claim regarding lack of mirror in plaintiff's cell).

Finally, Gryczewski alleges that he did not "have the liberty of turning lights on and off" and that the fluorescent lighting was "very hard on eye sight." (Compl. at 6.) The United States Court of Appeals for the Third Circuit has recognized that "requiring inmates to live in constant illumination may under certain circumstances rise to the level of a constitutional violation." *Wilson v. Wetzel*, No. 3:CV-12-516, 2017 WL 337992, at *7 (M.D. Pa. Jan. 23, 2017) (citing *Bacon v. Minner*, 229 F. App'x 96, 100 (3d Cir. 2007)). Gryczewski, however, has not alleged that he was subject to constant illumination or that he suffered any significant medical condition as a result of the lighting in the multipurpose room. Accordingly, his claim regarding the lighting will be dismissed at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Gryczewski leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Gryczewski an opportunity to file an amended complaint in the event he can state a plausible claim for relief against an appropriate defendant or defendants. An appropriate Order follows.

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**